CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

2/17/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| RIVER RIDGE MALL, JV, LLC, | CASE NO. 6:25-CV-00018 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| DICK'S SPORTING GOODS, INC., | JUDGE NORMAN K. MOON |
| *Defendant.* | |

In this breach of contract case, Plaintiff River Ridge Mall, JV, LLC ("River Ridge") moves the Court, under Federal Rule of Civil Procedure 59(e), to reconsider its granting of Dick's Sporting Goods, Inc. ("DSG") motion to dismiss with prejudice. Dkt. 42. River Ridge asserts that the Court committed clear legal error by failing to consider two of its arguments in its opposition to DSG's motion to dismiss. *Id*. River Ridge also asks the Court for leave to file an amended complaint, so that it may include additional facts regarding DSG's alleged waiver of its contractual rights. *Id.* The Court will grant the motion to reconsider and will grant River Ridge thirty (30) days to file an amended complaint.

## BACKGROUND

River Ridge filed this case in the Circuit Court of the City of Lynchburg to enforce its commercial lease ("Lease") with DSG. Dkt. 1-1 ¶ 1. DSG removed the case and filed a motion to dismiss. Dkt. 1; Dkt. 7. In its motion, DSG asserted that Lease Provision 1.7 unambiguously required two tenants to be built in the Sears Redevelopment Area, one occupying "at least sixteen thousand (16,000)" square feet and the other occupying "at least twenty-five thousand (25,000)"

square feet; and since River Ridge had not met Lease Provision 1.7, DSG continued to pay "Substitute Rent" rather than "Minimum Rent." Dkt. 8 at 8. According to River Ridge, Lease Provision 1.7 had been met by the creation of Ulta (10,067 square feet), Penelope (2,254 square feet), and Home Goods (25,018 square feet). Dkt. 1-1 ¶ 26.

In addition to arguing the Lease is ambiguous, River Ridge asserted that (i) Lease Provision 1.3 gives "an express right . . . which grants River Ridge the ability to make reasonable alterations to the buildings in the Sears Redevelopment Area," including changing the square footage requirements of Lease Provision 1.7, and that (ii) DSG's' failure to object to the Final Plan, which depicted the reduced square footage, demonstrated DSG "should be enjoined from waiting until long-term leases were endorsed, and construction was underway, before raising new complaints." Dkt. 26 at 13-14. River Ridge styles this second argument as "waiver" in its motion for reconsideration. Dkt. 43 at 11-13.

The Court granted DSG's motion to dismiss with prejudice, finding Lease Provision 1.7 was "not ambiguous" and that "River Ridge . . . fail[ed] to state a claim for breach of contract as it has failed to allege DSG breached any obligation in the Lease." Dkt. 40 at 8. In issuing the opinion, the Court did not address River Ridge's arguments about Lease Provision 1.3 or DSG's alleged waiver.

## LEGAL STANDARD

Amending a judgment under Rule 59(e) "is an extraordinary remedy that should be applied sparingly." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). A court may amend a judgment under this rule in order to "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Courts rarely grant

motions to reconsider when a court fails to properly address an argument as Rule 59(e) is not a vehicle to "reiterate[] a legal argument raised in the initial consideration of [a] motion to dismiss." *Kogok Corp. v. Johnson*, 2007 WL 9782566, at *3 (D. Md. Sept. 4, 2007); *North Carolina ex Rel. Cooper v. Tenn. Valley Auth.*, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008) ("'Overlooking' a party's argument is not one of the bases on which the Court will grant a motion for reconsideration."). Likewise, "Rule 59(e) motions may not be used to make arguments that could have been made before the court issued its ruling." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

### ARGUMENT

River Ridge asks the Court to reconsider its dismissal with prejudice as the Court failed to address the two additional arguments above. Dkt. 43 at 2-3. However, the Court did not commit legal error in choosing to not rule on these two arguments; the "reiterat[ion] [of] a legal argument raised in the initial consideration of [a] motion to dismiss" is not grounds for reconsideration under Rule 59(e). *Kogok Corp.*, 2007 WL 9782566, at *3.

Yet, the Court committed a different legal error—choosing to dismiss the case with prejudice rather than allowing River Ridge the chance to amend its complaint. Dkt. 40 at 8. In its pleading and opposition to DSG's motion to dismiss, River Ridge conflated its waiver argument with Lease Provision 1.3, nestling them under the same heading, and relying on very few facts for support. Dkt. 26 at 13-14. Although the Court's previous opinion found that further amendment would be futile since the Lease was not ambiguous, it did not consider how this waiver argument could be clarified in an amended complaint. *Id.* Thus, the Court erred in dismissing the case with prejudice, as denial of leave to amended is only permitted where amendment is "futile." *See*

3

*Crawford v. Senex Law PC*, 259 F. Supp. 3d 464, 475 (W.D. Va. 2017) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

<u>**C**ONCLUSION</u>

The motion to reconsider will be granted, and River Ridge will have thirty (30) days to file an amended complaint. Dkt. 42.

A separate order will issue.

The Clerk of Court is directed to send a copy of this memorandum opinion to all counsel of record.

Entered this 17th day of February, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE